IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18-cv-5100 |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| FOODTOWN CORP., and 82-10 BAXTER AVE. FOOD CORP., d/b/a FOODTOWN (a/k/a FOODTOWN OF BAXTER AVENUE) | )<br>)<br>) JURY TRIAL DEMAND<br>) |
| | ) |
| Defendants | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Parties Flor Estrada ("Estrada") and Martha Atancuri ("Atancuri") (collectively, the "Charging Parties"), who were adversely affected by such practices. As alleged with greater particularity in paragraph 15 below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that, since at least May 2014, Foodtown Corp., and 82-10 Baxter Ave. Food Corp., d/b/a Foodtown (a/k/a Foodtown of Baxter Avenue ("Foodtown" or "Defendants")) unlawfully subjected Charging Parties Estrada and Atancuri to sexual harassment, including a hostile work environment, because of their sex (female). The Commission also alleges that Defendants violated Title VII by subjecting Estrada and Atancuri to retaliation by terminating their employment because they objected to and/or reported the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Foodtown Corp. has continuously been a corporation doing business in the State of New York and has continuously had at least 15 employees.

5. At all relevant times, Defendant Foodtown Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant 82-10 Baxter Ave. Food Corp. d/b/a Foodtown (a/k/a Foodtown of Baxter Avenue) has continuously been a corporation doing business in the State of New York and has continuously had at least 15 employees.

7. At all relevant times, Defendant 82-10 Baxter Avenue Food Corp. d/b/a Foodtown (a/k/a Foodtown of Baxter Avenue) has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendants employed the Charging Parties. Defendant Foodtown Corp. is wholly owned by Defendant 82-10 Baxter Ave. Food Corp. Defendant Foodtown Corp. and Defendant 82-10 Baxter Ave. Food Corp. both do business under the names Foodtown and Foodtown at Baxter Avenue.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, charges were filed with the Commission, EEOC Charge Nos. 520-2017-01058 and 520-2017-01059, alleging violations of Title VII by Defendants.

10. On June 5, 2018, the Commission issued to Defendants a letter of determination finding reasonable cause to believe that Defendants were in violation of Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the letter of determination.

12. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. On July 18, 2018, the Commission issued to Defendants a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least May 2014, Defendants have engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704 (a)(1) of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3(a),

by subjecting Estrada and Atancuri to harassment because of their sex (female) at their facility located at 82-10 Baxter Ave., in Elmhurst, New York, and by retaliating against them for objecting to the harassment.

    a.    Since at least May 2014, Defendants, through their Meat Department Manager, D. De Hoyos ("De Hoyos"), subjected Estrada and Atancuri to severe or pervasive sexual harassment, including sexual advances, lewd comments, and offensive touching. De Hoyos was Estrada's and Atancuri's immediate supervisor. De Hoyos had hiring and firing authority over employees in his department. De Hoyos hired Estrada around January 2014 and Atancuri in April 2016. De Hoyos set Estrada's and Atancuri's work schedules and assigned them work tasks throughout the day.

    b.    De Hoyos' harassment of Estrada included making numerous comments about her body and how she "would be his" one day, that Mexican women were sluts, touching Estrada on her buttocks and breasts on multiple occasions, wrapping his arms around Estrada and moving his hips back and forth against her buttocks, and on at least one occasion in May 2014, forcibly attempting to kiss Estrada. De Hoyos' conduct occurred almost daily beginning in about May 2014 until he terminated Estrada in April 2016.

    c.    De Hoyos' harassment of Atancuri included making numerous comments about her body, forcibly trying to kiss Atancuri, showing her a picture of his penis, showing Atancuri that his penis was erect under his pants, telling her to touch his penis, asking Atancuri to sit on his lap, inviting her to go to a hotel, and touching Atancuri on her buttocks and breasts. De Hoyos' harassment of Atancuri began in or around May 2016 and continued almost daily until he terminated her in October 2016.

    c.    De Hoyos' sexual harassment of Estrada and Atancuri was at all times unwelcome. Estrada demonstrated that she objected to De Hoyos' conduct by rejecting his advances, telling him

to leave her alone, to get off her, to stop touching her, by refusing to have sex with him, by moving away from De Hoyos when he tried to touch her, and by telling De Hoyos that if he did not stop touching her, she was going to tell his wife and the Store Manager.  Atancuri demonstrated that she objected to De Hoyos' conduct by rejecting his advances, telling him not to touch her, physically moving when he tried to touch her, threatening to scream, refusing to go to a hotel, telling De Hoyos not to call her, and threatening to tell the owner about the harassment.

   d.  Defendants retaliated against Estrada for opposing De Hoyos' harassment by terminating her employment.  On or about April 14, 2016, De Hoyos attempted to wrap his arms around Estrada while she was working.  Estrada moved away from De Hoyos and told him not to touch her anymore.  Later that day, De Hoyos ordered Estrada to bring steaks upstairs to the first floor of the supermarket.  She took the steaks upstairs, and as soon as she returned, De Hoyos ordered her to bring the same steaks downstairs.  Estrada returned the steaks to De Hoyos and he ordered her to take them upstairs again.  Estrada asked De Hoyos why and he told her that if he told her to do something she just had to do it.  Estrada told De Hoyos that she could not work like this.  De Hoyos shouted at her that if she did not obey his instructions and take the steaks back upstairs, she should leave.

   e.  Estrada went upstairs to complain to the Store Manager, Miguel Davila, about De Hoyos' treatment but Davila was not available. Estrada returned the following day.and informed Store Manager Davila that De Hoyos had terminated her and that he had been subjecting her to sexual harassment.  The Store Manager told Estrada he could not do anything for her.

   f.  Defendants retaliated against Atancuri for opposing De Hoyos' harassment by terminating her employment.  On or about October 30, 2016, De Hoyos brushed his hands along Atancuri's buttocks as she was working.  Atancuri turned around in protest when he touched her and

5

De Hoyos responded that her body was his. A short time later, De Hoyos told Atancuri she had to work until 2 p.m., which was later than her normal shift, which typically ended at 1 p.m. on Sundays. Atancuri told De Hoyos she always left at 1 p.m. on Sundays to attend church. De Hoyos became angry and told her to leave and not come back.

      g.      Defendants knew or should have known about the sexually hostile work environment, yet failed to exercise reasonable care to prevent and promptly correct the unlawful behavior. Defendants do not have a policy prohibiting sex discrimination (including sexual harassment). Defendants have no procedures or protocol in place for workers to report sexual harassment. Defendants provide no training to their supervisors, managers, or workforce on the prevention, reporting, or investigation of sexual harassment complaints. Even after Estrada expressly reported to Store Manager Davila that she was being subjected to sexual harassment by her supervisor, DeHoyos, Defendants took no action to investigate or remedy her complaint.

16.      The effect of the practices complained of above has been to deprive Estrada and Atancuri of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

17.      The unlawful employment practices complained of above were and are intentional.

18.      The unlawful employment practices complained of above have been done with malice or with reckless indifference to Estrada's and Atancuri's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B.	Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates against any individual in retaliation for asserting his or her rights under federal employment law or otherwise engaging in protected activity.

C.	Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees without regard to sex and for employees who oppose employment practices made unlawful by Title VII, and which eradicate the effects of their past and present unlawful employment practices.

D.	Order Defendants to make Estrada and Atancuri whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 15-18 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.	Order Defendants to pay Estrada and Atancuri punitive damages for their malicious and reckless conduct, as described in paragraphs 15-18 above, in amounts to be determined at trial.

F.	Grant such further relief as the Court deems necessary and proper in the public interest.

G.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 10, 2018
	New York, New York

	JAMES L. LEE
	Deputy General Counsel

	GWENDOLYN YOUNG REAMS
	Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

RAECHEL ADAMS
Supervisory Trial Attorney


*/s/ Adela Santos*
ADELA SANTOS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3695
Fax: (212) 336-3693
adela.santos@eeoc.gov