IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>82-10 BAXTER AVE. FOOD CORP., )<br>d/b/a FOODTOWN (a/k/a FOODTOWN )<br>OF BAXTER AVENUE), )<br>)<br>Defendant )<br>─────────────────────────────── )<br>FLOR ESTRADA and MARTHA )<br>(née ATANCURI) MAYORGA, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>82-10 BAXTER AVE. FOOD CORP., )<br>d/b/a FOODTOWN (a/k/a FOODTOWN )<br>OF BAXTER AVENUE), MOFEED SAID )<br>and NASRI ABED )<br>)<br>Defendants. )<br>─────────────────────────────── ) | Civil Action No.<br>18-cv-05100 (JBW)(RLM) |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant 82-10 Baxter Ave. Food Corp. d/b/a Foodtown (a/k/a Foodtown of Baxter Avenue) ("82-10 Baxter Ave." or "Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e-1 *et. seq* ("Title VII") by discriminating against Flor Estrada ("Estrada") and Martha Atancuri (née Mayorga) ("Atancuri") (collectively, "Intervenors"), by subjecting them to sexual harassment and terminating their employment in retaliation for their opposition to the harassment.

Estrada and Atancuri intervened in this action. In their Amended Complaint, they alleged that 82-10 Baxter Ave. discriminated against Estrada and Atancuri by subjecting them to sexual harassment and discrimination on the basis of their sex, and retaliated against them, in violation of Title VII and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8101 *et seq.* (the "NYCHRL"). Intervenors also asserted similar claims against Mofeed Said and Nasri Abed (collectively, "Individual Defendants") under the NYSHRL and NYCHRL.

Defendant 82-10 Baxter Ave. and the Individual Defendants Answered and denied all allegations brought by the EEOC and Intervenors.

The EEOC, Intervenors, and Defendant 82-10 Baxter Ave., (collectively, "Parties") desire to resolve this matter without further litigation and adjudication. The Parties therefore do hereby stipulate and consent to the entry of this Consent Decree ("Decree") between the EEOC, Intervenors, and Defendant, including 82-10 Baxter Ave.'s successors, assigns, subsidiaries and any other corporation or entity into which 82-10 Baxter Ave. may merge or with which it may consolidate. The Parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

Nothing in this Consent Decree is an admission by any party as to the claims or defenses of the other.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

A. **GENERAL PROVISIONS**

1. This Decree is final and binding on the Parties and resolves all claims in the EEOC's complaint and all claims which were brought by the Intervenors in this case and EEOC Charge Nos. 520-2017-01058 and 520-2017-01059. This Decree does not resolve any charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future, other than the charges listed above. The EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2. The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the Parties, that venue is proper, and that all administrative prerequisites have been met.

3. By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4. Whenever Defendant is required to send any documents, reports, forms, or other information pursuant to this Decree, Defendant shall send such matters by electronic mail to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

B. **INJUNCTIVE RELIEF**

5. Defendant 82-10 Baxter Ave. is enjoined from subjecting employees to a hostile work environment because of sex in violation of Title VII.

6. Defendant 82-10 Baxter Ave. is enjoined from engaging in retaliation of any kind against any individual because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under any of those statutes, testified or participated in any manner in

3

any investigation, proceeding, or hearing under any of those statutes, or asserted any rights under any of those statutes or this Decree, or because such person was identified as a possible witness in connection with this matter.

### C. POLICIES & PROCEDURES

7. Within twenty-one (21) business days of the entry of this Decree, Defendant 82-10 Baxter Ave. will adopt an anti-discrimination policy that prohibits discrimination on the basis of sex, including sexual harassment, outlines a procedure for employees to make or report complaints of discrimination, and identifies the individuals with whom complaints or reports should be filed (the "Policy"). Defendant 82-10 Baxter Ave. will provide a copy of the Policy to the EEOC. The Policy shall, at a minimum, expressly prohibit all forms of discrimination, including discrimination based on sexual harassment, and retaliation prohibited by Title VII, state expressly that such prohibition applies to employees and applicants for employment, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to Defendant and to the EEOC, verbally or in writing. Nothing in this paragraph represents an endorsement by the EEOC or by the Court that Defendant has been or is in compliance with federal anti-discrimination laws. The Policy will be adopted in English and Spanish.

8. Defendant 82-10 Baxter Ave. shall distribute a copy of its antidiscrimination Policy, within thirty (30) business days of the entry of this Decree, to all of its current employees, and thereafter shall provide a copy of the Policy to all subsequently hired employees within five (5) business days of the start of their employment.

9. Defendant 82-10 Baxter Ave. will post a copy of its antidiscrimination Policy, within thirty (30) business days of the entry of this Decree, at its facility in locations typically

used for posting notices directed to employees or job applicants. Within seven (7) business days of posting the Policy, Defendant 82-10 Baxter Ave. will send the EEOC written verification that it distributed and posted the Policy in the manner outlined in paragraphs 8 and 9 of this Decree.

10. Defendant 82-10 Baxter Ave. will conspicuously display and maintain EEO posters in English and Spanish, within five (5) business days of the entry of this Decree, at its facility in locations typically used for posting notices directed to employees or job applicants.

11. Defendant 82-10 Baxter Ave. will post the "Notice," attached as Exhibit A, within five (5) business days of the entry of this Decree, at its facility in locations typically used for posting notices directed to employees or job applicants.

## D. RECORDKEEPING AND REPORTING

12. During the Term of this Decree (see Paragraph 24), Defendant 82-10 Baxter Ave. shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of employment discrimination or retaliation that is prohibited by this Decree or by Defendant 82-10 Baxter Ave.'s antidiscrimination Policy (only to the extent that 82-10 Baxter Ave. has been made aware of any such external complaint). For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number (to the extent Defendant has such information); (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant 82-10 Baxter Ave. took; and (e) if the complaint or report was made in written form, a copy thereof.

13. The EEOC may monitor compliance with the terms of this Decree. Defendant 82-10 Baxter Ave. shall permit a representative of the EEOC to enter its premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records (including security camera video); provided, however, that the EEOC may enter 82-10 Baxter Ave.'s premises without advance notice, during normal business hours, solely for the purpose of verifying compliance with the notice posting requirements of Paragraphs 9-11. During an inspection without advance notice, the EEOC will present itself at 82-10 Baxter Ave and request to speak with a member of management for access to the premises. Defendant 82-10 Baxter Ave. shall require personnel within its employ to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

14. Defendant 82-10 Baxter Ave. shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) Copies of the records described in Paragraph 13, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendant that no complaints or reports of discrimination were received during that period; and

(b) A certification by Defendant 82-10 Baxter Ave. that the antidiscrimination Policy, EEO Posters, and Notice required to be posted pursuant to Paragraphs 9-11 of the Decree remained posted in the manner required during the six (6) month period preceding the Semi-Annual Report.

## E. TRAINING

15. Within ninety (90) days of the entry of this Decree, and annually thereafter, Defendant 82-10 Baxter Ave. will provide to all owners, employees in supervisory and management positions, and other employees with Human Resources responsibilities and duties, two and a half (2.5) hours of live, in-person, interactive training on federal, New York State, and New York City laws that prohibit discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of sex and retaliation, as well as training on Defendant's antidiscrimination Policy and complaint procedure. Newly hired or promoted supervisory and management employees will be given the training as soon as possible, but no later than fourteen (14) days after starting in such position.

16. Within ninety (90) days of the entry of this Decree, and annually thereafter, Defendant 82-10 Baxter Ave. will provide all employees not within the scope of paragraph 16, including part-time employees, two and a half (2.5) hours of live, in-person training on federal, New York State and New York City laws that prohibit discrimination in employment and retaliation, with a special emphasis on laws prohibiting discrimination on the basis of sex, as well as training on Defendant's antidiscrimination Policy and complaint procedure. The training will be provided in English and the primary language(s) spoken by their employees. Newly hired employees will be given the training as soon as possible, but no later than fourteen (14) days after their start date.

17. The training required by Paragraphs 15-16 shall meet the following criteria:
   (a) It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples of comments and treatment based on race, sex, religion, and national origin, with an emphasis on examples of sexual or

sex-based comments and treatment that are not permitted in the workplace;

(b) It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

(c) It will explain the avenues available for reporting incidents of harassment or discrimination, and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive timely notice of the investigation's findings and conclusions; that Defendant will take prompt and appropriate corrective action to remedy harassment and discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential to extent practicable; and

(d) It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

18. The training required by this Decree will be provided by a qualified trainer. Defendant 82-10 Baxter Ave. shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 15-17. The trainer shall not be an owner, officer, or employee of Defendant. Defendant 82-10 Baxter Ave. shall submit the name, address, telephone number and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the

proposed date of the first training session. The EEOC shall have three (3) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendant's proposed trainer and/or content, Defendant shall have ten (10) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have three (3) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the Parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

19. Defendant 82-10 Baxter Ave. will maintain attendance records identifying in legible form the name and job title of each attendee at each session, the signature of each attendee, as well as copies of all training materials presented. Within ten (10) business days of each training session, 82-10 Baxter Ave. will provide the EEOC a copy of the attendance records and, upon request, will certify that the materials used in the training were those contained in the training proposal.

### F. MONETARY RELIEF

20. Defendant shall make payments totaling $285,000.00 ("Payments"), as set forth herein.

21. Within thirty (30) days after the later of: (a) the entry of this Decree; or (b) receipt by 82-10 Baxter Ave. of: (i) the Release Agreement executed by Intervenors in the form agreed to by Intervenors; and (ii) all relevant required tax documents consisting of Intervenors' endorsed IRS Form W9 and Intervenors' counsel's endorsed IRS Form W9, Defendant shall issue and mail by overnight delivery to Intervenors' counsel the following checks:

(a) $95,000.00 designated by Estrada as compensatory damages, from which 82-10 Baxter Ave.

9935761v.1

will not withhold any taxes, on IRS Form 1099-MISC and to be made payable by check to Flor Estrada; (b) $95,000.00 designated by Atancuri as compensatory damages, from which 82-10 Baxter Ave. will not withhold any taxes, on IRS Form 1099-MISC and to be made payable by check to Martha Atancuri; and (c) $95,000.00 designated by Intervenors as attorneys' fees, to be reported on IRS Form 1099-MISC issued to Hope Pordy, Esq., Spivak Lipton LLP, 1700 Broadway, Suite 2100, New York, NY 10019, and to be made payable by check to Spivak Lipton LLP. Estrada and Atancuri are responsible for the payment of any taxes owed by them, respectively, on any payments received pursuant to this Decree.

22. If any payment due under this Decree is not made in full ("Unpaid Amount") and delivered within thirty (30) days after the later of the entry of this Decree or receipt by 82-10 Baxter Ave. of the Release and tax documents identified in paragraph 22, then for each day beyond the fifth business day that such portion remains unpaid, Defendant shall pay to Intervenors, in the manner set forth above, an amount equal to $25.00.

### G. TERM OF DECREE AND DISPUTE RESOLUTION

23. This Decree will remain in effect for three (3) years from the date it is entered by the Court ("Term"), provided, however, that if, at the end of the Term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 25), the Term of the Decree shall be automatically extended until such time as all such disputes have been resolved. This case will be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the Term, without further action by the Parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

24. If during the Term of this Decree the EEOC believes that Defendant 82-10 Baxter Ave. has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant fifteen (15) business days to remedy the noncompliance or satisfy the EEOC that Defendant has complied. If Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied within fifteen (15) business days, the EEOC may apply to the Court for relief.

25. No party will contest the validity of this Decree, or the jurisdiction of the Federal District Court to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. The EEOC and/or Intervenors may bring an enforcement action regarding any alleged breach of any term of this Decree by Defendant.

## H. MISCELLANEOUS PROVISIONS

26. Except as otherwise provided in this Decree, each party shall bear its own expenses, attorneys' fees, and costs.

27. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant 82-10 Baxter Ave. At least twenty-one (21) days prior to any sale or other transfer of 82-10 Baxter Ave.'s business, or the sale or other transfer of all or a substantial portion of its assets, within the Term of this Decree only, 82-10 Baxter Ave. shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

28. When this Decree requires a certification by Defendant 82-10 Baxter Ave. of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer or management employee of Defendant 82-10 Baxter Ave.

SO ORDERED, ADJUDGED AND DECREED this 12 day of July, 2019.

_____
U.S. District Court Judge

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_Jeffrey Burstein (by AS)_
JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

Adela Santos
Trial Attorney
*adela.santos@eeoc.gov*

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3695
Fax: (212) 336-3623

FOR INTERVENOR PLAINTIFFS
FLOR ESTRADA AND MARTHA ATANCURI

_Flor Estrada_
Flor Estrada

_Martha Atancuri_
Martha Atancuri

12

FOR DEFENDANT 82-10 BAXTER AVE.

_____
Nasri Abed
Owner, 82-10 Baxter Ave.

9935761v.1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3721
General FAX: (212) 336-3625

## NOTICE OF LAWSUIT AND SETTLEMENT

This Notice is being posted pursuant to a Consent Decree resolving a suit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against 82-10 Baxter Avenue Food Corp., d/b/a Foodtown ("82-10 Baxter Ave.") in Federal court in the Eastern District of New York (Civil Action No. 18-cv-05100). The suit alleged that 82-10 Baxter Ave. allowed a manager to sexually harass two employees and then fired them in retaliation for objecting to his conduct.

Federal law prohibits employers from discriminating against employees and applicants based on sex (including pregnancy, gender identity, and sexual orientation), national origin, religion, race, color, age, disability, or genetic information. This includes prohibiting sexual harassment. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

As part of the resolution, 82-10 Baxter Ave. will:

1. Comply with Federal law and not subject any employee or applicant for employment to sex discrimination or sexual harassment, or to a hostile work environment because of sex, or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;
2. Maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file complaints;
3. Provide training on Federal laws prohibiting employment discrimination to all current and future employees;
4. Permit EEOC to monitor compliance with the Consent Decree;
5. Post this Notice; and
6. Compensate the Aggrieved Individuals in this lawsuit.

Should you have a complaint of discrimination, follow 82-10 Baxter Ave.'s policy for reporting such complaints, or you may also contact the EEOC at:

> U.S. Equal Employment Opportunity Commission
> New York District Office
> 33 Whitehall Street, 11th Floor
> New York, New York 10004-2112
> Phone Numbers: 1-212-336-3620 or 1-800-669-4000
> Website: www.eeoc.gov

For hearing impaired: 1-800-669-6820 (TTY) or 1-844-234-5122 (ASL Video Phone)

Dated: _____

**This notice must remain posted for three years from date shown above. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number or address listed above.**

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**Exhibit A**

9892800v.1